1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

RAYMOND T.,

                Plaintiff,

    v.

COMMISSIONER OF SOCIAL SECURITY,

                Defendant.

Case No. C22-0618-SKV

ORDER REVERSING THE
COMMISSIONER'S DECISION

Plaintiff seeks review of the denial of his application for Supplemental Security Income. Having considered the ALJ's decision, the administrative record (AR), and all memoranda of record, the Court **REVERSES** the Commissioner's final decision and **REMANDS** the matter for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).

## BACKGROUND

Plaintiff was born in 1976, has a high school diploma, and has worked as a hospital medical records technician, product support representative, collections call center representative, medical scheduler, administrative assistant, and temporary warehouse worker. AR 324, 341-47. Plaintiff was last gainfully employed in 2018. AR 314.

In January 2016, Plaintiff applied for benefits, alleging disability as of November 1, 2014. AR 283-88, 319. Plaintiff's application was denied initially and on reconsideration, and

Plaintiff requested a hearing.  AR 162-70, 175-84. After the ALJ conducted a hearing in March 2018, the ALJ issued a decision finding Plaintiff not disabled.  AR 138-48.

The Appeals Council granted Plaintiff's request for review, and remanded the case to the ALJ for further administrative proceedings.  AR 156-57.  A different ALJ held a hearing in February 2021 (AR 69-98), and subsequently issued a decision finding Plaintiff not disabled. AR 15-30.

## THE ALJ'S DECISION

Utilizing the five-step disability evaluation process,[1] the ALJ found:

**Step one**:  Plaintiff has not engaged in substantial gainful activity since his application date.

**Step two**:  Plaintiff has the following severe impairments: degenerative disc disease of the lumbar spine, degenerative joint disease of the right shoulder, right knee impairment, diabetes with hypertension, obstructive sleep apnea, affective disorder, anxiety-related disorders, personality disorder, and substance abuse in remission.

**Step three**:  These impairments do not meet or equal the requirements of a listed impairment.[2]

**Residual Functional Capacity (RFC)**:  Plaintiff can perform sedentary work with additional limitations: he requires a cane for walking in the workplace.  He cannot reach overhead with his right arm, and can frequently reach at or below shoulder level with his right arm.  He can occasionally stoop; cannot crouch, crawl, or kneel; and cannot climb ramps, stairs, ropes, ladders, or scaffolds.  He cannot work at heights, and requires a workplace free of vibrations, hazardous conditions, or the need to walk across uneven surfaces.  He can remember, understand, and carry out simple and routine instructions and tasks, consistent with the requirements of jobs with Specific Vocational Preparation levels one and two.  He cannot have public contact, but is capable of working in proximity to (but not coordination with) co-workers.  He can have occasional contact with supervisors.

**Step four**:  Plaintiff has no past relevant work.

**Step five**:  As there are jobs that exist in significant numbers in the national economy that Plaintiff can perform, Plaintiff is not disabled.

---

[1] 20 C.F.R. §§ 404.1520, 416.920.
[2] 20 C.F.R. Part 404, Subpart P, App. 1.

ORDER REVERSING THE COMMISSIONER'S
DECISION - 2

AR 15-30.

The Appeals Council denied Plaintiff's request for review, making the ALJ's decision the Commissioner's final decision.  AR 1-6.  Plaintiff appealed the final decision of the Commissioner to this Court.  Dkt. 4.

## LEGAL STANDARDS

Under 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits when the ALJ's findings are based on harmful legal error or not supported by substantial evidence in the record as a whole.  *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 (9th Cir. 2005).  As a general principle, an ALJ's error may be deemed harmless where it is "inconsequential to the ultimate nondisability determination."  *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (cited sources omitted).  The Court looks to "the record as a whole to determine whether the error alters the outcome of the case." *Id*.

Substantial evidence is "more than a mere scintilla.  It means - and means only - such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (cleaned up); *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989).  The ALJ is responsible for evaluating symptom testimony, resolving conflicts in medical testimony, and resolving any other ambiguities that might exist.  *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995).  While the Court is required to examine the record as a whole, it may neither reweigh the evidence nor substitute its judgment for that of the Commissioner.  *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002).  When the evidence is susceptible to more than one rational interpretation, it is the Commissioner's conclusion that must be upheld.  *Id*.

ORDER REVERSING THE COMMISSIONER'S
DECISION - 3

**DISCUSSION**

Plaintiff argues the ALJ erred by (1) excluding diabetic neuropathy as a severe impairment at step two, (2) discounting certain medical opinions, and (3) finding that he was capable of frequent reaching at or below shoulder level with his right arm.  The Commissioner argues the ALJ's decision is free of harmful legal error, supported by substantial evidence, and should be affirmed.

**A.      Plaintiff Has Not Established a Harmful Legal Error at Step Two**

The ALJ listed diabetes as one of Plaintiff's severe impairments at step two, but Plaintiff argues that the ALJ erred in excluding diabetic neuropathy. Dkt. 10 at 15-16.  According to Plaintiff, his diabetic neuropathy caused him to have balance problems requiring a cane for standing and walking, and thus his neuropathy caused significant workplace limitations and should have been found to be a severe impairment.  *Id.*

Although Plaintiff is correct that the ALJ did not list diabetic neuropathy as a separate severe impairment at step two (AR 18), the ALJ did address Plaintiff's allegations of balance deficits and diabetic neuropathy, and the ALJ's the RFC assessment included the need for a cane while walking.  *See* AR 21-23.  The ALJ also emphasized that Plaintiff "has consistently failed to comply [with] medication and dietary recommendations regarding his diabetes, suggesting [Plaintiff] does not perceive these complications as significant enough to warrant compliance with medical advice."  AR 23 (citing AR 2486, 2489-90).  Because the ALJ considered the limitations caused by Plaintiff's diabetic neuropathy and accounted for them to some degree in the RFC assessment, Plaintiff has not shown that the ALJ's failure to list diabetic neuropathy as a separate severe impairment at step two resulted in prejudicial harm to Plaintiff.  *See Lewis v. Astrue*, 498 F.3d 909, 911 (9th Cir. 2007).

Because this case must be remanded on other grounds, however, the ALJ will have the opportunity to reconsider the step-two findings as necessary in light of the updated record on remand.[3]

**B.      The ALJ Erred in Assessing Some of the Medical Opinion Evidence**

Plaintiff assigns error to the ALJ's assessment of multiple medical opinions, each of which the Court will address in turn.

> *1.      Legal Standards*[4]

Where not contradicted by another doctor, a treating or examining doctor's opinion may be rejected only for "'clear and convincing'" reasons. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996) (quoting *Baxter v. Sullivan*, 923 F.2d 1391, 1396 (9th Cir. 1991)). Where contradicted, a treating or examining doctor's opinion may not be rejected without "'specific and legitimate reasons' supported by substantial evidence in the record for so doing." *Id*. at 830-31 (quoting *Murray v. Heckler*, 722 F.2d 499, 502 (9th Cir. 1983)).

Lay witness testimony as to a claimant's symptoms or how an impairment affects ability to work is competent evidence and cannot be disregarded without comment. *Van Nguyen v. Chater*, 100 F.3d 1462, 1467 (9th Cir. 1996). The ALJ can reject the testimony of lay witnesses only upon giving germane reasons. *See Dodrill v. Shalala*, 12 F.3d 915, 919 (9th Cir. 1993).

---

[3] Although Plaintiff requests, in the alternative, a remand for a finding of disability (Dkt. 10 at 16-17), he makes no attempt to show that this extraordinary remedy would be appropriate here. *See Leon v. Berryhill*, 880 F.3d 1044, 1045 (9th Cir. 2017) ("An automatic award of benefits in a disability benefits case is a rare and prophylactic exception to the well-established ordinary remand rule."). Particularly because Plaintiff does not challenge the ALJ's discounting of his testimony (AR 22-25), the Court finds that there are outstanding issues that preclude a finding of disability at this time. *See Dominguez v. Colvin*, 808 F.3d 403, 409 (9th Cir. 2015) ("The ALJ's well-supported credibility concerns raise additional factual issues that require resolution."). Thus, the Court orders that this case be remanded for further administrative proceedings.

[4] Because Plaintiff applied for benefits before March 27, 2017, the regulations set forth in 20 C.F.R. § 416.927 apply to the ALJ's consideration of medical opinions.

2.    *Rahul Khurana, M.D. & David Widlan, Ph.D.*

Drs. Khurana and Widlan examined Plaintiff in 2016 and wrote opinions describing many disabling mental limitations.  AR 647-51, 688-97.  The ALJ discounted both opinions because they were performed after one-time examinations and the limitations assessed were not consistent with the examination findings that each provider described.  AR 27.

The ALJ failed to provide legitimate reasons to discount the opinions of Drs. Khurana and Widlan.  Although the ALJ emphasized the providers' status as examiners, that status cuts both ways: they had the opportunity to examine Plaintiff and could rely on their observations of him when assessing his condition, but they had only limited access to his longitudinal records.  Their status as one-time examiners is not a standalone reason to discount their opinions, especially because the ALJ gave more weight to the opinions of nonexamining providers (AR 27).  *See, e.g.*, 20 C.F.R. § 416.927(c)(1) ("Generally, we give more weight to the medical opinion of a source who has examined you than to the medical opinion of a medical source who has not examined you.").

The ALJ also stated that the limitations identified by Drs. Khurana and Widlan were not supported by the providers' examination findings, but this statement is not supported by substantial evidence.  Both providers noted many abnormal objective findings that support their conclusions.  *See, e.g.*, AR 649-50 (Dr. Khurana notes Plaintiff's inappropriate laughter, concentration deficits, memory deficits, lack of full orientation, increased startle reflex), 691-92 (Dr. Widlan documents Plaintiff's marginal grooming, blunted affect, auditory hallucinations, paranoia, limited fund of knowledge, abnormal abstract thought ability, abnormal insight/judgment, concentration deficits).  The ALJ acknowledged only some of Dr. Widlan's abnormal findings, and characterized Dr. Khurana's findings as "benign."  AR 27.  The ALJ

1   mischaracterized the findings of Drs. Khurana and Widlan when finding them inconsistent with

2   the providers' conclusions.

3       Accordingly, the Court finds that the ALJ erred in failing to provide legally sufficient

4   reasons to discount the opinions of Drs. Khurana and Widlan.

5                    *3.    Catherine McHugh, ARNP*

6       Ms. McHugh completed a DSHS form opinion describing Plaintiff's physical

7   impairments and symptoms in August 2016, shortly after he fractured his right patella.  AR 749-

8   55.  The ALJ noted that Ms. McHugh wrote her opinion in close proximity to Plaintiff's injury

9   and thus it may reflect temporary limitations related to that injury.  AR 26.  The ALJ also noted

10  that Ms. McHugh did not explain why a patellar fracture would prevent Plaintiff from

11  performing even sedentary work for a year.  AR 26-27.

12      Plaintiff challenges the ALJ's reasoning, arguing that Ms. McHugh's opinion not based

13  only on the patellar fracture, because Ms. McHugh also referenced Plaintiff's degenerative disc

14  disease with sciatica and his right rotator cuff injury.[5]  *See* AR 749-50.  Plaintiff also contends

15  that when Ms. McHugh's opinion is considered in the context of her treatment notes, her opinion

16  is well-supported.  Dkt. 10 at 12 (citing AR 444, 469, 570-73, 603-09, 619-21, 736, 2542).  The

17  treatment notes cited by Plaintiff do not corroborate the limitations Ms. McHugh identified,

18  however.  Instead, they reference Plaintiff's difficulty "walking long distances" (AR 444-45),

19  problems using public transportation due to anger (AR 469-71), good functional shoulder

20  strength and non-compliance with his home exercise program (AR 570-73), need for injection in

21  shoulder (AR 605), need for compliance with physical therapy and home exercises for his

22

23  _____

[5] But, as noted by the Commissioner (Dkt. 14 at 9), Ms. McHugh completed this form during her first visit with Plaintiff and had not treated Plaintiff's back pain or rotator cuff injury, and explicitly indicated that the patellar fracture was the "primary diagnosis for disability paperwork[.]"  AR 703.  The context of Ms. McHugh's examination thus lends support to the ALJ's interpretation.

shoulder (AR 621), using extra-strength acetaminophen and naproxen for back pain (AR 736-39), and back pain complaints coupled with encouragement to comply with diabetes regimen and a referral to physical therapy (AR 2542-43).  None of these treatment notes reference specific limitations that would preclude sedentary work, and they do not therefore undermine the ALJ's finding that Ms. McHugh's "examination notes do not include any findings that could reasonably be found to support her contention that [Plaintiff] was incapable of even sedentary work."  AR 26.

The ALJ's reasoning is germane to Ms. McHugh's opinion, and Plaintiff has not shown that it was legally erroneous.  Accordingly, the Court finds no error in the ALJ's assessment of Ms. McHugh's opinion.

## C.    The ALJ Did Not Err in Assessing Plaintiff's Reaching Capacity

As noted *supra*, the ALJ found that Plaintiff was capable of "frequent reaching at or below shoulder level" with his right arm.  AR 21.  Plaintiff notes that in the prior ALJ decision, he was found limited to occasional reaching at shoulder level with his right arm.  *See* AR 143.  Plaintiff contends that the ALJ erred in failing to provide any basis for the reaching limitations included in this decision, and in failing to explain why this decision departs from the prior ALJ decision.  Dkt. 10 at 12-15.

Plaintiff's assignment of error fails for multiple reasons.  First, the ALJ considered different evidence than the prior ALJ considered, and the prior decision was vacated.  *See* AR 156-57.  Plaintiff cites no authority requiring an ALJ to explain why he or she reached different conclusions based on different evidence than were found in a prior vacated decision, and the Court is not aware of any.

Second, the ALJ did explain how he assessed Plaintiff's shoulder limitations, noting Plaintiff's ability to do pushups for exercise, lift objects despite pain, and drive 2-3 hours per day, as well as Plaintiff's gaps in treatment for his shoulder condition and preference for only conservative treatment when he did seek treatment.  AR 22-23, 25.  Plaintiff has not pointed to evidence overlooked by the ALJ that would indicate he was more limited in his reaching abilities than found by the ALJ, which is fatal to Plaintiff's assignment of error.  As noted by the Commissioner (Dkt. 14 at 10-11), there is ample evidence in the record to support the ALJ's RFC assessment as to reaching, and Plaintiff has failed to meet his burden to show error therein.

Nonetheless, because this case must be remanded on other grounds, as explained *supra*, the ALJ will have the opportunity to reconsider the RFC assessment in light of the updated record on remand.

## CONCLUSION

For the reasons set forth above, the Commissioner's final decision is **REVERSED** and this case is **REMANDED** for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).  On remand, the ALJ should reconsider the opinions of Drs. Khurana and Widlan, as well as any other parts of the decision as necessary.

Dated this 19th day of January, 2023.

S. KATE VAUGHAN
United States Magistrate Judge